UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
at LEXINGTON

Civil Action No. 15-178-HRW

WYNIMA SIMMONS, PLAINTIFF,

v. **MEMORANDUM OPINION AND ORDER**

CAROLYN COLVIN,
COMMISSIONER OF SOCIAL SECURITY, DEFENDANT.

Plaintiff has brought this action pursuant to 42 U.S.C. §405(g) to challenge a final decision of the Defendant denying Plaintiff's application for disability insurance benefits and supplemental security income benefits. The Court having reviewed the record in this case and the dispositive motions filed by the parties, and being otherwise sufficiently advised, for the reasons set forth herein, finds that the decision of the Administrative Law Judge is supported by substantial evidence and should be affirmed.

### I. FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Plaintiff filed her current application for disability insurance benefits and supplemental security income benefits on July 25, 2012, alleging disability beginning on July 13, 2012, due to degenerative disc disease, diabetes, arthritis in right hip and asthma (Tr. 188). This application was denied initially and on reconsideration. Thereafter, upon request by Plaintiff, an administrative hearing was conducted by Administrative Law Judge Karen Jackson (hereinafter "ALJ"), wherein Plaintiff, accompanied by counsel, testified. At the hearing, Joyce P. Forrest, a vocational expert (hereinafter "VE"), also testified.

At the hearing, pursuant to 20 C.F.R. § 416.920, the ALJ performed the following five-step sequential analysis in order to determine whether the Plaintiff was disabled:

Step 1: If the claimant is performing substantial gainful work, he is not disabled.

Step 2: If the claimant is not performing substantial gainful work, his impairment(s) must be severe before he can be found to be disabled based upon the requirements in 20 C.F.R. § 416.920(b).

Step 3: If the claimant is not performing substantial gainful work and has a severe impairment (or impairments) that has lasted or is expected to last for a continuous period of at least twelve months, and his impairments (or impairments) meets or medically equals a listed impairment contained in Appendix 1, Subpart P, Regulation No. 4, the claimant is disabled without further inquiry.

Step 4: If the claimant's impairment (or impairments) does not prevent him from doing his past relevant work, he is not disabled.

Step 5: Even if the claimant's impairment or impairments prevent him from performing his past relevant work, if other work exists in significant numbers in the national economy that accommodates his residual functional capacity and vocational factors, he is not disabled.

The ALJ issued a decision finding that Plaintiff was not disabled (Tr. 13-24). Plaintiff was 43 years old at the time she allegedly became disabled. She has a high school education as we as two years of college; her past relevant work includes employment as an inspector, machinist, clerical worker and financial aid advisor (Tr. 189).

At Step 1 of the sequential analysis, the ALJ found that Plaintiff had not engaged in substantial gainful activity since the alleged onset date of disability (Tr.15).

The ALJ then determined, at Step 2, that Plaintiff suffers from back pain secondary to degenerative disc disease lumbar spine, insulin dependent diabetes mellitus with peripheral neuropathy, asthma and obesity, which she found to be "severe" within the meaning of the

2

Regulations (Tr. 15-16).

At Step 3, the ALJ found that Plaintiff's impairments did not meet or medically equal any of the listed impairments (Tr. 16-18).

Finally, the ALJ found that Plaintiff had the residual functional capacity to do sedentary exertion work with additional postural and environmental limitations, including her past relevant work as a financial aid advisor and the representative sedentary exertion positions of clerical worker, handpacker/laborer, and bench assembler, existing in significant numbers in the national economy

Accordingly, the ALJ found Plaintiff not to be disabled at Steps 4 and 5 of the sequential evaluation process.

The Appeals Council denied Plaintiff's request for review and adopted the ALJ's decision as the final decision of the Commissioner . Plaintiff thereafter filed this civil action seeking a reversal of the Commissioner's decision. Both parties have filed Motions for Summary Judgment [Docket Nos. 9 and 10] and this matter is ripe for decision.

## II. ANALYSIS

The essential issue on appeal to this Court is whether the ALJ's decision is supported by substantial evidence. "Substantial evidence" is defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion;" it is based on the record as a whole and must take into account whatever in the record fairly detracts from its weight. *Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984). If the Commissioner's decision is supported by substantial evidence, the reviewing Court must affirm. *Kirk v. Secretary of Health and Human Services*, 667 F.2d 524, 535 (6th Cir. 1981), *cert. denied*, 461 U.S. 957 (1983). "The court may

not try the case *de novo* nor resolve conflicts in evidence, nor decide questions of credibility." *Bradley v. Secretary of Health and Human Services*, 862 F.2d 1224, 1228 (6th Cir. 1988). Finally, this Court must defer to the Commissioner's decision "even if there is substantial evidence in the record that would have supported an opposite conclusion, so long as substantial evidence supports the conclusion reached by the ALJ." *Key v. Callahan,* 109 F.3d 270, 273 (6th Cir.1997).

Plaintiff contends that the ALJ's finding of no disability is erroneous because the ALJ failed to properly evaluate the medical source opinions.

"In order to determine whether the ALJ acted properly in disagreeing with a medical source, we must first determine the medical source's classification," *Ealy v. Comm'r of Soc. Sec.*, 594 F.3d 504, 514 (6th Cir.2010), as "not all medical sources need be treated equally," *Smith v. Comm'r of Soc. Sec.*, 482 F.3d 873, 875 (6th Cir.2007). The Social Security regulations classify "acceptable medical sources into three types: nonexamining sources, nontreating (but examining) sources, and treating sources." *Id.* at 875. Generally, more weight is given to the medical "opinion of a source who has examined [the claimant] than to the opinion of a source who has not examined [the claimant]." 20 C.F.R. § 404.1527(c)(1); *see also Norris v. Comm'r of Soc. Sec.*, 461 Fed.Appx. 433, 439 (6th Cir.2012) (noting that a nonexamining source's opinion is given less deference than an examining (but not treating) source's opinion, which is given less deference than a treating source). But "[i]n appropriate circumstances, opinions from State agency medical and psychological consultants ... may be entitled to greater weight than the opinions of treating or examining sources." SSR 96–6p, 1996 WL 374180, at *3. One such instance is where the "[s]tate agency medical or psychological consultant's opinion is based on a

4

review of a complete case record that includes a medical report from a specialist in the individual's particular impairment which provides more detailed and comprehensive information than what was available to the individual's treating source." *Id.* "The more a medical source presents relevant evidence to support an opinion, particularly medical signs and laboratory findings, the more weight [the ALJ] will give that opinion." 20 C.F.R. § 404.1527(c)(3). Generally, more weight is given to opinions that are "more consistent ... with the record as a whole," *id.* § 404.1527(c)(4), and opinions of "a specialist about medical issues related to his or her area of specialty." *Id.* § 404.1527(c)(5).

The opinion which Plaintiff asserts was not properly considered is that of Vinod Muniswamy, M.D, a examining consultative physician. In his notes, which are part of the record, he states Plaintiff presented as obese and well-nourished. Dr. Muniswamy further noted Plaintiff was not in acute distress but did shift position in the seat during the examination due to right hip pain (Tr. 343). Dr. Muniswamy's physical examination revealed normal respiratory and cardiovascular findings, with the musculoskeletal exam revealing no atrophy, structural deformity, effusion, swelling, or tenderness of any joint with exception of the right hip and the lumbar spine at L5-S1. Dr. Muniswamy noted that although Plaintiff was unable to stand unassisted from a seat, she was able to bend without difficulty. Plaintiff also demonstrated normal 5/5 strength with adequate fine motor movements and dexterity, and was able to grasp objects bilaterally. Further, Plaintiff's extremities were not subject to edema, cyanosis, or erythema. Dr. Muniswamy noted Plaintiff's subjective complaints, but further noted that a neurological examination revealed no evidence of weakness with good tone, normal 5/5 strength bilaterally in all muscle groups and normal reflexes (Tr. 344). Notwithstanding his relatively

5

benign objective findings and somewhat inarticulate conclusion, it appears that he opined that Plaintiff would be subject to significant limitations in sitting, walking, standing, and lifting/carrying objects, secondary to her subjective complaints of pain (Tr. 344). Also notwithstanding his relatively benign objective findings, Dr. Muniswamy submitted an associated medical source statement as to Plaintiff's ability to do work-related physical activities containing very restrictive limitations including, no ability to lift/carry any weights, and sit no more than one hour, or stand and walk no more than 30 minutes in an 8-hour day (Tr. 346-351).

In her decision, the ALJ discussed the findings and opinions of several medical sources, including that of Dr. Muniswamy. Indeed, the ALJ stated that "great weight" was given to Dr. Muniswamy's opinions with the exception of his suggestion that Plaintiff "should never lift weights, only 15 for 15 minutes at a time and for a total of one hour per day and stand / walk for only thirty minutes per day" (Tr. 21). The ALJ found these dire restrictions to be at odds with other medical evidence in the record, including the findings of her treating physicians, Harry Lockstatdt, M.D. and Erin Stephens, M.D., as well as Plaintiff's own testimony.

To the extent that Plaintiff suggests that this evidence is open to another interpretation that favors her claim, the Court declines to reweigh the evidence in this fashion. If the Commissioner's decision denying benefits is supported by substantial evidence, as it is here, the Court must affirm that decision. *Longworth v. Commissioner of Social Security*, 402 F.3d 591, 595 (6th Cir. 2005). Even if substantial evidence exists to support Plaintiff's claim, the Court should still affirm the Commissioner's decision because it is supported by substantial evidence. *Buxton v. Halter*, 246 F.3d 762, 772 (6th Cir. 2001); *see also Smith v. Chater*, 99 F.3d 780, 782 (6th Cir. 1996) (even if the Court would have decided the matter differently than the ALJ, if substantial evidence supports the

ALJ's decision, it must be affirmed.)

The Court is mindful that a claimant's residual functional capacity is assessed by the ALJ between steps three and four and is not a litany of her impairments, but, rather, "the most [a claimant] can still do despite [the]impairments." 20 C.F.R. §§ 404.1520(a)(4), 404.1545(a)(1) & (5). An ALJ is required to "assess a claimant's residual functional capacity based on all of the relevant medical and other evidence." 20 C.F.R. § 404.1545(a)(3). Thus, no medical source opinion is alone conclusive on this issue. SSR 96-5p, 1996 WL 374183, at *2, 4-5. Similarly, a claimant's subjective complaints of pain or other symptoms cannot alone establish disability. 20 C.F.R. § 404.1529(a). The claimant retains the burden of establishing her residual functional capacity limitations. *Jordon v. Comm'r of Soc. Sec.*, 548 F.3d 417, 423 (6th Cir. 2008) (citation omitted) ("The SSA's burden at the fifth step is to prove the availability of jobs in the national economy that the claimant is capable of performing . . . The claimant, however, retains the burden of proving her lack of residual functional capacity.")

As for the hypotheticals posed to the VE, they complied with this circuit's long-standing rule that the hypothetical question is proper where it accurately describes a claimant's functional limitations. *Varley v. Secretary of Health and Human Services*, 820 F.2d 777, 779. (6th Cir. 1987). This rule is necessarily tempered by the requirement that the ALJ incorporate only those limitations which he or she finds to be credible. *Casey v. Secretary of Health and Human Services*, 987 F.2d 1230, 1235 (6th Cir. 1993). In this case, the hypotheticals posed accurately portray the RFC as formulated based upon the objective medical evidence. As such, the Court finds that the ALJ's RFC and findings based upon the VE's testimony are supported by substantial evidence in the record.

## III. CONCLUSION

The Court finds that the ALJ's decision is supported by substantial evidence on the record. Accordingly, it is **HEREBY ORDERED** that the Plaintiff's Motion for Summary Judgment be **OVERRULED** and the Defendant's Motion for Summary Judgment be **SUSTAINED**. A judgment in favor of the Defendant will be entered contemporaneously herewith.

This 14th day of September, 2016.



Signed By:
Henry R. Wilhoit, Jr.
United States District Judge